Argued March 7, reversed March 13, 1928.

## LEONARD WILL ET AL. v. E. A. LESTOE ET AL.

(264 Pac. 849.)

**Trusts—In Suit for Specific Performance of Land Contract, Evidence Did not Show That One Purchasing from Defendant Before Contract was Executed Held Title as Trustee.**

1. In suit for specific performance of contract for exchange of real property, evidence *held* not to show that A., who had purchased part of property before contract for exchange with plaintiff was executed, held title as trustee for defendants contracting with plaintiffs.

**Deeds—Purchaser's Title Acquired in Good Faith for Consideration, Could not be Divested by Subsequent Dealings Between Plaintiffs and Vendors.**

2. Title acquired by purchaser in good faith for a consideration could not be divested by subsequent dealings between vendor and plaintiffs regarding exchange of property.

Specific Performance, 36 Cyc., p. 575, n. 8.

From Clackamas: JAMES U. CAMPBELL, Judge.

Department 1.

REVERSED.

For appellants there was a brief over the names of *Messrs. Hare, McAlear & Peters* and *Mr. J. F. Clark,* with an oral argument by *Mr. R. F. Peters.*

For respondents there was no appearance.

RAND, C. J.—This is a suit for the specific performance of a written contract for the exchange of real property. Plaintiffs had decree against all of the defendants except E. A. Lestoe and they have appealed.

Prior to the transactions hereinafter referred to, the defendants, Unabel J. Bechtel and Shelton Bechtel, her husband, were the owners of the west

half of lots 47 and 52 in the First Addition to Jennings Lodge in Clackamas County, Oregon. These lots were contiguous, the boundary lines of which were all parallel but in their longest course lot 47 was shorter by 12½ feet than lot 52. While owning all of the west half of both lots, the complaint alleges that on November 8, 1922, the Bechtels sold and conveyed to Mrs. Lestoe, the mother of Mrs. Bechtel, all of said property except a strip 12½ feet wide extending across lot 47. The deed is not in evidence but the complaint alleges that the deed described the east line of the property conveyed as:

"Beginning at the middle of the Southerly line of Block fifty-two (52) and running North through Block fifty-two (52) and on to the Northerly line of Block forty-seven (47) bordering Hull Avenue, the line so located as to run straight which divides the easterly and westerly halfs of Block forty-seven (47) and fifty-two (52) to run parallel with the Easterly and Westerly line of said blocks."

As so described, it left a 12½-foot strip across lot 47 which was not conveyed to Mrs. Lestoe by said defendants.

The complaint also alleges that on the sixth day of November, 1922, the Bechtels conveyed the 12½-foot strip, above referred to, to the defendant, W. R. Arant. In respect to said deed to Arant, the complaint alleges "that although said deed was regular on its face, it in truth and in fact conveyed only the naked title to said property and said defendant W. R. Arant held and now holds title thereto in trust for Unabel J. Bechtel and Shelton Bechtel, her husband," and "that the defendant W. R. Arant is an employee and confidant of the defendants Unabel J. Bechtel and Shelton Bechtel, her husband."

There is no allegation in the complaint that the deed to Arant was fraudulently executed or that Arant was holding title under the deed in fraud of plaintiffs or anyone else. There is also no allegation in the complaint of any fact whatever which would change Arant's ownership into that of a trustee. The only allegations in respect thereto are those to which we have referred. The complaint also alleges that the contract sought to be enforced herein was executed by plaintiffs and the Bechtels on February 17, 1923, and contained a covenant requiring the Bechtels to convey to plaintiffs the west half of both of said lots, and alleges that on the seventeenth day of March, 1923, the Bechtels did convey to plaintiffs all of the west half of said lots except the 12½-foot strip in question. The prayer of the complaint is that the defendants be required to perform the contract by executing a deed to plaintiffs for said strip.

1, 2. Assuming without deciding that the allegations of the complaint are sufficient if established by proof to impeach the title to Arant to this small strip of land, there was no evidence whatever offered upon the trial of any fact or circumstance tending in the slightest degree to show that Arant held title to the strip as trustee, or that he was not the absolute owner thereof. On the contrary, the whole evidence shows that Arant paid the Bechtels as a consideration for his deed by a discharge of a *bona fide* indebtedness owing by the Bechtels, amounting to $500, and by the execution and delivery by him of a mortgage upon said strip of land, which mortgage has since been assigned to a third party. The consideration paid by Arant for this small strip of land amounts to $1,100, part paid by the discharge of the

Bechtels' indebtedness to him and the remainder by the mortgage. The transfer of this property to Arant took place several months before the contract sought to be enforced was entered into and long before there were any dealings of any kind between the Bechtels and plaintiffs. Since there was no writing creating Arant a trustee of an express trust and no payment by plaintiffs of the purchase price paid by Arant for the property to create a resulting trust and no fraud on the part of Arant from which a constructive trust would arise, no trust relations upon Arant's part could or did arise. The decree of the lower court required Arant to convey these premises which he had acquired long before the transactions complained of occurred and, so far as the evidence shows, in entire good faith and for a consideration which we think was far in excess of the value of the property. The title thus acquired cannot be divested by any subsequent dealings which may or may not have taken place between the Bechtels and the plaintiffs. With the exception of this strip all of the property mentioned in the contract, which, according to its terms, was to be conveyed to plaintiffs has been conveyed and plaintiffs are now the owners and in possession thereof. Hence the contract has been completely performed upon the Bechtels' part with the exception of the strip of land belonging to Arant and as to which the contract cannot be enforced.

The decree of the lower court will, therefore, be reversed and the cause will be remanded with directions to enter a decree dismissing the suit, and it is so ordered.

REVERSED AND REMANDED, WITH DIRECTIONS.

BEAN, BELT and BROWN, JJ, concur.